In the Matter of the Claim of HENRY L. SACRIPANTE, Respondent, against UNITED METAL SPINNING CO., INC., Appellant, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD. Respondent.— Appeal by employer from an award of double compensation to a sixteen-year-old claimant who suffered a partial loss of use of his right hand while operating a power press. Claimant had obtained and filed with the employer a standard employment certificate. This certificate, however, was issued on the strength of a pledge of employment which stated that claimant was to be employed as a " Helper ", doing light factory work. Section 3217 of the Education Law requires a pledge of employment as a prerequisite to the issuance of a certificate. Section 3224 of the Education Law requires that such a pledge shall show the character of the employment. The evidence discloses that had the certifying officer been apprised of the true character of the employment, no certificate would have issued, at least without further investigation. Hence, the certificate was not " issued in accordance with the provisions of the education law ". Section 131 of the Labor Law was thus violated. Furthermore, the employer failed to notify the certifying officer of the commencement of the claimant's employment in violation of subdivision 3 of section 132 of the Labor Law. In view of these violations, an award of double compensation was properly made, pursuant to section 14-a of the Workmen's Compensation Law. Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Heffernan, Foster and Deyo, JJ., concur; Brewster, J., dissents, on the ground that the operation of the electric press was permitted to one of his years and there does not seem to be any proof to show that such work did not come under that generally described in the pledge.

In the Matter of the Claim of EDITH NASH, Appellant, against RIVERSIDE & DAN RIVER COTTON MILLS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant appeals from a decision of the Workmen's Compensation Board, made May 14, 1947, which affirmed a referee's decision disallowing her claim for deficiency compensation upon the ground that she settled her third party action without the written consent of her employer's compensation insurance carrier, and that the latter was not estopped to defend on account thereof. In making the decision under appeal the board

stated that "nothing" appeared "in the record upon which to base a finding that the carrier waived or is estopped by its conduct from raising the bar of the statute * * *." As a legal proposition this was incorrect for there was ample evidence to justify such a finding. Claimant's attorney testified he secured the oral consent of the respondent-carrier to the settlement and was induced thereby to make it, and the latter's representative testified that he told claimant's attorney that he wanted the full amount of his company's lien paid before he would consent. Of course, such payment could only have been made upon a settlement of the third party action, and it was so paid to and retained by the respondent carrier out of the proceeds. It therefore is not certain whether the board's formal finding to the effect that the carrier "did not waive, nor is it estopped from raising the bar of the statute" was one of fact as a result of the consideration of the conflicting evidence, or was based upon the legal premise which was erroneously stated in its decision of May 14, 1947. For that reason the decision appealed from should be reversed and the matter remitted to the board for a further decision on the facts. Decision reversed and matter, remitted to the Workmen's Compensation Board for further decision on the facts, without costs. Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ., concur.